**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

DIGITAL BACKGROUND CORPORATION, )
)
Plaintiff, )
)
v. ) Case No. 3:07-CV-00803-JPG-CJP
)
APPLE, INC. )
)
Defendant. )

**DEFENDANT'S MOTION TO TRANSFER VENUE**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................... 1

II. STATEMENT OF MATERIAL FACTS ..................................................................... 2

III. ARGUMENT ........................................................................................... 4

A. Standard For Transfer Of Venue Under 28 U.S.C. § 1404(a) ................................ 6

B. The Suit Could Have Been Originally Filed In The Northern District Of California ........ 6

C. The Private Interest Factors Support Transferring This Litigation To The Northern District Of California ........ 7

1. Plaintiff's Choice Of Forum Is Entitled To Less Deference Because It Is Not DBC's Home Forum And Has Minimal Connections With The Case ........ 7

2. The Northern District Of California Would Be More Convenient Because Both Parties Reside In California ........ 7

3. The Northern District Of California Would Be More Convenient Because A Majority Of Apple's Witnesses Reside There ........ 8

4. Apple's Sources Of Proof Are More Easily Accessible In The Northern District Of California ........ 10

5. The Northern District Of California Is The Situs Of The Material Events That Gave Rise To This Action ........ 10

D. The Public Interest Factors Support Transferring This Litigation To The Northern District Of California For The Convenience Of The Parties ........ 11

1. The Case Will Still Be Resolved Quickly And Efficiently If Transferred To The Northern District Of California ........ 11

2. The Northern District Of California Has A Much Stronger Interest And Connection With The Case And Is The Locale In Which This Controversy Should Be Resolved ........ 12

IV. CONCLUSION ........................................................................................ 13

## I. INTRODUCTION

Defendant Apple Inc. ("Apple") respectfully moves the Court pursuant to 28 U.S.C. § 1404(a) to transfer venue of this civil action to the United States District Court for the Northern District of California, San Jose Division. This Motion is supported by the Declaration of Bruce Arthur ("Arthur Decl.") and the Declaration of James F. Valentine ("Valentine Decl.").

Although Digital Background Corporation ("DBC") filed its patent infringement complaint in the Southern District of Illinois, DBC's choice of forum is entitled to little deference because it is not DBC's home forum. *Plotkin v. IP Axess, Inc.*, 168 F. Supp.2d 899, 902 (N.D. Ill. 2001). DBC is a Delaware-incorporated patent holding company headquartered in Newport Beach, California, with no known connection to this District aside from this lawsuit.

This District has no connection to the dispute underlying the case aside from the fact that Apple's software accused of infringement is available here – just as it is in every other judicial district. But the mere fact that an accused product is available within a district does not warrant a finding that the case should be litigated there, especially when the district is significantly less convenient than another district. *See, e.g.*, *Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.*, 55 F. Supp.2d 871, 874 (N.D. Ill. 1999) ("Sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states."). Neither party to this litigation resides in this District or within 1,500 miles of it. Rather, both parties reside in California. In this case, the Northern District of California is by far the most convenient forum because, among other things, that is where the defendant and the bulk of the witnesses and documents are located. It is also far more convenient for DBC than the Southern District of Illinois because DBC's headquarters are located in California. DBC is a patent holding company that seeks to license intellectual property. It has no known design facilities, manufacturing, or products. It has no real business operations beyond its home office in California. In contrast, Apple is a leader in innovation headquartered in Cupertino, California, which is within the Northern District of California. The Northern District of California is home to: the design, development, and testing of the technology accused of infringement; the

witnesses knowledgeable about the design, development, and testing; the relevant documents and highly confidential Apple source code; the documents and likely witnesses relevant to the marketing and sales of the accused software; and at least one important third party witness. All of these factors factually make the Northern District of California the most convenient forum and legally the situs of the material events. *See, e.g.*, *Cooper Bauck Corp. v. Dolby Labs., Inc.*, 2006 U.S. Dist. LEXIS 44885, *16 (N.D. Ill. June 19, 2006) ("[I]n patent infringement cases, the location of the infringer's principal place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents.") (internal quotations omitted).

The public and private factors governing motions to transfer support a transfer to the United States District Court for the Northern District of California, San Jose Division. Just as courts in this district and other districts have concluded when confronted with similar facts, such a transfer would better serve the parties, the witnesses, and the judicial system.[1]

## II. STATEMENT OF MATERIAL FACTS

DBC filed a complaint for patent infringement against Apple in the Southern District of Illinois. The asserted patent relates to removing and replacing background elements in video data. DBC's Complaint alleges that the backdrop feature of the iChat application of the Mac OS X v10.5 Leopard ("Leopard") operating system infringes the asserted patent. iChat is an application of the Leopard operating system that allows a user to text chat, audio chat, or video chat over the Internet without accruing any text messaging, long distance, or video streaming

[1] As explained further below, when confronted with similar facts, courts in this district and other districts have found that a transfer is warranted. *See, e.g.*, *Forcillo v. LeMond Fitness Inc.*, 220 F.R.D. 550 (S.D. Ill. 2004) (finding that transfer was warranted when a Canadian plaintiff sued a defendant located in Washington for patent infringement, when all development work on the accused product occurred in Washington, and the only connection to the district was the sale of accused products, which were also available in other districts); *MLR, LLC v. Kyocera Wireless Corp.*, 2005 U.S. Dist. LEXIS 43895, *10-11 (N.D. Ill. April 6, 2005) (finding that transfer was warranted when both parties were headquartered in California, there was no indication that a disproportionately large number of the accused products were sold in Illinois, and plaintiff had no connection to Illinois beyond the lawsuit).

charges. The backdrop feature, which was added to the October 2007 release of Leopard, is one of many new features of iChat and is only one of over 300 new features available in the Leopard operating system. (Valentine Decl. ¶¶ 5, 6, Exs. 4, 5.)

The accused backdrop feature was conceived, designed, developed, tested, and readied for production at Apple's headquarters in Cupertino, California. (Arthur Decl. ¶ 3.) The pertinent documents and Apple's highly confidential source code are also located in Cupertino. (*Id.* at ¶ 6.) Additionally, the relevant witnesses regarding the design and operation of the accused product reside in the Northern District of California. (*Id.* at ¶¶ 3-5.) Apple's only relevant connection to the Southern District of Illinois is the general availability of the accused product in this District. Sales of the accused product in this District generally occur either through the Internet or through authorized resellers.[2] (*Id.* at ¶ 7.) But the accused product is sold nationwide,[3] and Apple has only two authorized sellers of the accused product in the Southern District of Illinois. (Valentine Decl. ¶ 3, Ex. 2.) In contrast, there are at least 32 authorized sellers of the accused product in or within 20 miles of San Jose, California. (*Id.* at ¶ 4, Ex. 3.)

DBC is a Delaware corporation with its principal place of business in Newport Beach, California. (Dkt. No. 2 at ¶ 6.) DBC's Complaint lists DPMG, whose manager and sole organizer resides in Los Gatos, California, as the assignee of the patent.[4] (*Id.* at ¶ 11.) On information and belief, DBC's sole business is licensing intellectual property. There is no evidence that DBC practices the claimed invention or offers any competing products in the Southern District of Illinois or elsewhere. Nor has Apple had any licensing discussions with DBC in this District. (Valentine Decl. ¶ 11.) Apple is unaware of any DBC employees or

---

2 Apple also has a small number of sales representatives that sell Apple products nationwide directly to governmental and educational institutions.

3 *Id.*

4 Valentine Decl. ¶ 7, Ex. 6. Los Gatos, California, is in the Northern District of California.

potential witnesses that reside in the Southern District of Illinois, or any DBC presence at all in this District. DBC's sole connection to this District appears to be the present case against Apple.

## III. ARGUMENT

DBC chose to file its complaint for patent infringement in the East St. Louis Division of the United States District Court for the Southern District of Illinois notwithstanding that this forum is remote to both parties, the potential material witnesses, and the relevant documents and materials. This forum has no particularized nexus to the parties or the case, is not convenient for deciding this case, and is far less convenient than other forums. Accordingly, DBC's decision to bring suit in the Southern District of Illinois is an exercise in forum shopping. Allowing the case to remain in this district would impose unnecessary and unjustified burdens and expenses upon the parties and the Court. The appropriate forum for this litigation is the United States District Court for the Northern District of California, San Jose Division. The defendant, the relevant documents, and the relevant witnesses are located in that forum.

Similar patent infringement cases where neither party resides in the chosen forum and where all the development work occurred in another forum are routinely transferred by district courts in the Seventh Circuit. This is especially true when, as in this case, the transferee forum would be more convenient for both parties. *See*, *e.g.*, *MLR*, 2005 U.S. Dist. LEXIS 43895 at *4; *Cooper Bauck*, 2006 U.S. Dist. LEXIS 44885 at *16; *Anchor Wall*, 55 F. Supp.2d at 874. One example from this District is *Forcillo v. LeMond Fitness Inc.*, 220 F.R.D. 550 (S.D. Ill. 2004), a patent case that was transferred to the Western District of Washington. In *Forcillo*, the plaintiff, a citizen of Canada, filed a patent infringement suit against the defendant, a corporation incorporated in Delaware and headquartered in Washington. *Forcillo*, 220 F.R.D. at 551. The defendant moved to transfer the case to the Western District of Washington under 28 U.S.C. § 1404(a). *Id*. In analyzing the private interest factors for transferring venue, the Court first noted that the plaintiff was not a resident of the District, *id*. at 552, and found that the Western District of Washington was the situs of material events because it was where the accused product

was "designed, tested, and readied for production," while only sales of the accused products occurred in Illinois. *Id*. at 554. The Western District of Washington was also found to be more convenient for the parties, due to the fact that if the litigation stayed in Illinois, both parties would have had to travel, whereas if the case was transferred, only the plaintiff would have to travel. *Id*. at 554. The Court also noted that many of the essential witnesses lived in the Western District of Washington. *Id*. at 553. In resolving the public interest factors, the Court noted that the time from filing to disposition was faster in Washington and that, under the facts of the case, it was likely that no delay would result from a transfer. *Id* at 554. When all of these factors were considered, the Court granted the motion to transfer finding that it would serve "the convenience of parties and witnesses as well as promote the interest of justice." *Id*.

As further explained below, the facts in this case show that the interests of convenience and justice would best be served by transferring this case, just as in *Forcillo.* Neither party resides in DBC's chosen forum of the Southern District of Illinois. (Dkt. No. 2 at ¶ 6; Arthur Decl. ¶ 2.) Apple has identified essential witnesses that reside in the Northern District of California and is unaware of any relevant witnesses located in the Southern District of Illinois. (Arthur Decl. ¶¶ 3-5.) The allegedly infringing feature of the accused product was designed, tested, and readied for production in the Northern District of California. (*Id.* at ¶ 3.) Transfer is more convenient for the parties because both reside in California. As for the public interest factors, the median time of disposition for civil cases is slightly less in the Northern District of California than in the Southern District of Illinois. (Valentine Decl. ¶ 2, Ex. 1.) Thus, under the facts of this case, it is very unlikely that there would be any significant delay in the litigation.[5] When similar facts were considered in *Forcillo,* the Court transferred the case for the convenience of the parties and in the interest of justice. A transfer of this case to the Northern District of California is warranted as well.

---

[5] Nor would DBC be prejudiced even if a transfer delays resolution of this action. DBC has no business that competes with Apple and is interested only in receiving monetary compensation. Interest on any monies ultimately awarded to either party would adequately compensate that party for any delay.

**A. Standard For Transfer Of Venue Under 28 U.S.C. § 1404(a)**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The moving party bears the burden of demonstrating that a transfer of venue is warranted. *Forcillo*, 220 F.R.D. at 552. The decision to transfer venue is within the Court's discretion which is to be exercised in light of the particular circumstances of each case based on fairness and convenience. *Id.*

As a threshold issue, this Court must determine whether DBC's claim could have been filed in the United States District Court for the Northern District of California, San Jose Division, where Apple seeks to have the action transferred. *Id.*

Once Apple establishes that DBC could have filed this action in the United States District Court for the Northern District of California, this Court must evaluate a number of factors which focus on the convenience of the litigants (the "private interest factors") and the public interest in the fair and efficient administration of justice (the "public interest factors"). *Id.* The private interest factors include: (1) the plaintiff's choice of forum, (2) the location of the parties and witnesses, (3) the ease of access to sources of proof, and (4) the situs of material events. *Id.* The Court must also consider the following public interest factors: (1) the Court's familiarity with the applicable law, (2) the speed at which the case will proceed to trial, and (3) the relation of the community to the occurrence at issue and the desirability of resolving controversies in their locale. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp.2d 958, 961-62 (N.D. Ill. 2000).

**B. The Suit Could Have Been Originally Filed In The Northern District Of California**

Because Apple's primary place of business is in Cupertino, California,[6] Apple is subject to personal jurisdiction in the Northern District of California. Consequently, venue is also proper in that District. *MLR*, 2005 U.S. Dist. LEXIS 43895 at *4 ("In a patent case, venue is proper in a district if that district can exercise personal jurisdiction over the defendant.").

---

6 Arthur Decl. ¶ 2.

**C. The Private Interest Factors Support Transferring This Litigation To The Northern District Of California**

As explained below, each of the private interest factors weighs in favor of transferring this case to the Northern District of California, San Jose Division.

**1. Plaintiff's Choice Of Forum Is Entitled To Less Deference Because It Is Not DBC's Home Forum And Has Minimal Connections With The Case**

Although DBC's choice of forum would ordinarily be entitled to deference, "where the plaintiffs' chosen forum is not the plaintiffs' home forum or lacks significant contact with the litigation, the plaintiffs' chosen forum is entitled to less deference." *Plotkin*, 168 F. Supp.2d at 902. In this case, neither the plaintiff nor the defendant resides in this District. (Dkt. No. 2 at ¶ 6; Arthur Decl. ¶ 2.) Both parties reside in California. And while plaintiff's counsel may reside in this District, the location of plaintiff's counsel is not considered in the Court's transfer analysis. *Forcillo*, 220 F.R.D. at 552. The only connection between this litigation and the Southern District of Illinois is that the accused products are generally available there. Because the accused product is sold nationwide,[7] however, this fact is not enough to establish a "substantial" connection to the Southern District of Illinois. *Anchor Wall*, 55 F. Supp.2d at 874 ("Sales alone are insufficient to establish a substantial connection to the forum if the defendant's goods are sold in many states."). Because the Southern District of Illinois is not the resident forum of DBC and has only a minimal connection with this case, DBC's choice of this forum should be afforded less deference.

**2. The Northern District Of California Would Be More Convenient Because Both Parties Reside In California**

Because both parties reside in California, the Northern District of California would be a more convenient forum. If this case is transferred, neither company will be forced to leave its home state in order to litigate the case. Apple would not have to travel, and DBC, being a

---

[7] Arthur Decl. ¶ 7.

Southern California company, would need approximately 1-2 hours by plane to reach the forum. If the case is not transferred, both parties would be forced to travel 1,500 miles to reach the forum, which would require an entire day due to the distance and two time zones that must be traversed. Because a transfer to the Northern District of California would afford both parties the convenience of litigating in their home state and would significantly decrease travel time and expenses, this factor weighs heavily in favor of transfer.

**3. The Northern District Of California Would Be More Convenient Because A Majority Of Apple's Witnesses Reside There**

Given the number of Apple witnesses that reside in the Northern District of California, the cost of attendance for those witnesses at trial will be greatly decreased if the case is transferred. The two Apple engineers who designed and developed the accused iChat backdrop feature reside in the Northern District of California. (Arthur Decl. ¶ 4.) Apple anticipates calling them as witnesses at trial because they have exclusive knowledge of how the code was designed and how its features operate. Because these two witnesses are key to explaining how the accused product operates, their convenience alone is enough to warrant a transfer to the Northern District of California. *See Moore v. AT&T Latin Am. Corp.*, 177 F. Supp.2d 785, 790 (N.D. Ill. 2001) ("One key witness for one party can outweigh many less important witnesses for the other party.") The two Apple employees involved with marketing the accused iChat backdrop feature also reside in the Northern District of California. (*Id.* at ¶ 5.) Although Apple has specifically identified several witnesses, along with a description of their relevant knowledge, it should also be noted that almost all of the domestic employees involved with the accused iChat backdrop feature, including software support and marketing, work at Apple's headquarters in the Northern District of California. (*Id.* at ¶ 3.) Therefore, any Apple employee who has relevant testimony regarding the backdrop feature is likely to reside in Northern California as well.

Courts also consider the presence of non-party witnesses in other forums. *MLR*, 2005 U.S. Dist. LEXIS at *7. DBC's Complaint identifies DPMG as the assignee of the patent. (Dkt. No. 2 at ¶ 11.) Bruce Renouard, a resident of Los Gatos, California, in the Northern District of California, is listed as the manager and sole organizer of DPMG. (Valentine Decl. ¶ 7, Ex. 6.) Given the confusion over the assignment of the patent-in-suit, Mr. Renouard's testimony regarding the assignment of the patent both to and from DPMG may be important to Apple's case. Because Mr. Renouard resides outside the subpoena power of this Court, and could not be compelled to testify if the case were to remain in Illinois, the ability of a court in the Northern District of California to compel Mr. Renouard's testimony is another fact supporting transfer. *Cooper Bauck*, 2006 U.S. Dist. LEXIS at *19 ("When considering this factor . . . the court may consider whether the witnesses can be compelled to testify.").

Apple is not aware of any potential witnesses who reside in the Southern District of Illinois, nor has DBC identified any in its Complaint. Apple has identified witnesses, both employee and third party, residing in the Northern District of California. (Arthur Decl. ¶ 4.) Litigating in the Southern District of Illinois would require Apple's employee witnesses to spend a day traveling to Illinois. Productivity at Apple would suffer due to the extra day these witnesses would spend traveling to proceedings in this District. Apple would be further burdened because it would have to pay for these witnesses' airfare, hotel, and meals during this time. Transferring the case to the Northern District of California would avoid these burdens. *See Anchor Wall*, 55 F. Supp.2d at 875 ("Because a transfer would minimize disruption of its plant's operations and eliminate all of its travel expenses, without significantly increasing the burden on the patentee, . . . the overall convenience of the witnesses will be increased by a transfer of this lawsuit."). Because the convenience of the witnesses is the most important factor in analyzing a motion to transfer, this factor weighs heavily in favor of transferring this case to the Northern District of California. *Forcillo*, 220 F.R.D. at 552 ("[T]he convenience of the witnesses . . . is the most important factor in the transfer balance.").

### 4. Apple's Sources Of Proof Are More Easily Accessible In The Northern District Of California

"In a patent infringement case, practicality and convenience are best served when [the action] is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent field." *Anchor Wall*, 55 F. Supp.2d at 875. In this case, the allegedly infringing feature of the accused product was designed, developed, and tested at Apple's principal offices in Cupertino, California. (Arthur Decl. ¶ 2.) Thus, the majority of the relevant documents and records in Apple's possession concerning the design, operation, and marketing of the accused product will be found in Cupertino. (*Id.* at ¶ 5.)

By contrast, Apple does not store any relevant documents in the Southern District of Illinois. (*Id.*) In fact, Apple is not aware of any sources of proof that exist in the Southern District of Illinois. Therefore, the relative ease of access to sources of proof weighs in favor of a transfer of venue to the Northern District of California.

### 5. The Northern District Of California Is The Situs Of The Material Events That Gave Rise To This Action

The Southern District of Illinois has a *de minimis* connection with the operative facts giving rise to the alleged infringement by Apple, while the Northern District of California has a much greater connection. In patent cases, this factor focuses on "the alleged infringing activities of the defendant and the employees and documents that evidence these activities, and the situs of the material events generally is where the alleged infringing activities occurred." *Forcillo,* 220 F.R.D. at 554. The simple fact that Apple's principal place of business is in the Northern District of California makes this factor weigh heavily in favor of transfer. *See Cooper Bauck*, 2006 U.S. Dist. LEXIS 44885 at *16 ("[I]n patent infringement cases, the location of the infringer's principal place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its

documents.") (internal quotations omitted). Sales of the accused product in this District – which are not disproportionate in comparison to sales in other districts[8] – are generally made only through the Internet or authorized resellers. (Arthur Decl. at ¶ 7.) Because almost all of the material events occurred in the Northern District of California, as explained above, this factor weighs heavily in favor of transfer. *See Forcillo*, 220 F.R.D. at 554 (finding that the "situs of material events" factor weighed in favor of transfer under similar facts); *Anchor Wall*, 55 F. Supp.2d at 874 ("R&D designed, manufactured, stored, and sold the alleged infringing masonry blocks in Rock Island. Conversely, only limited sales activities actually occurred in this district. Because there is little connection between this district and the litigation, the situs of material events factor favors transfer. . . .").

### D. The Public Interest Factors Support Transferring This Litigation To The Northern District Of California For The Convenience Of The Parties

As analyzed below, the public interest factors also weigh in favor of transferring this case to the Northern District of California, San Jose Division.

#### 1. The Case Will Still Be Resolved Quickly And Efficiently If Transferred To The Northern District Of California

United States government statistics show that the case will likely be resolved just as quickly and efficiently in the Northern District of California as it would be in this forum. According to these statistics, during the 12-month period ending March 31, 2007, cases resolved "Before Pretrial" in the Southern District of Illinois had a median length of 8.6 months. (Valentine Decl. ¶ 2, Ex. 1.) Cases resolved "During or After Pretrial" had a median length of 16.4 months, and the 17 cases resolved at "Trial" had a median length of 20.5 months. (*Id.*) The

[8] Apple does not keep track of sales by judicial District. However, there are only two authorized sellers of the accused product in the Southern District of Illinois. (Valentine Decl. ¶ 3, Ex. 2.) In stark contrast, there are at least 32 authorized sellers of the accused product within 20 miles of the city of San Jose. (Valentine Decl. ¶ 4, Ex. 3.) This indicates that the accused product is not only more readily available in the Northern District of California, but also that there are likely to be more sales there as well.

median time to disposition for all civil cases was 8.1 months. (*Id.*) In comparison, in the Northern District of California, cases resolved "Before Pretrial" had a median length of 6.8 months; cases resolved "During or After Pretrial" had a median length of 12.4 months; and the 53 cases resolved at "Trial" had a median length of 27 months. (*Id.*) The median time to disposition for all civil cases was 6.1 months. (*Id.*) These times are all comparable to the median times in the Southern District of Illinois, and a transfer to the Northern District of California will not delay resolution of the case.[9] Moreover, because DBC has no business that competes with Apple and exists only to collect licensing revenues, neither party would be prejudiced even if a transfer did cause delay. Interest on any monies collected by either party would adequately compensate that party for any delay. Accordingly, this factor does not weigh against a transfer.

### 2. The Northern District Of California Has A Much Stronger Interest And Connection With The Case And Is The Locale In Which This Controversy Should Be Resolved

Because Apple's activities concerning the accused products occurred almost entirely in the Northern District of California, it should be considered the "locale" of this controversy. *Cooper Bauck*, 2006 U.S. Dist. LEXIS at *23 ("The controversy in patent infringement actions typically centers on where the defendant's activities occurred."). As previously explained, California is the situs of the material events in this case and plaintiff's and defendant's principal place of business. (Dkt. No. 2 at ¶ 6.) Both parties in this case have very strong connections to California, and California has a strong interest in this litigation. In contrast, beyond the general availability of the accused product, Illinois has no connection to or interest in this case. Because the accused product is available in both Illinois and California, and the work on the accused

[9] The Northern District of California also has specialized local patent rules used to facilitate proceedings in patent cases. These specialized rules require complete disclosures of positions from all parties and help ensure that the proceedings stay on schedule. (Valentine Decl. ¶ 8, Ex. 7.) This is yet another reason why there is no reason to believe that transferring this case would cause any delay.

product occurred in the Northern District of California, this factor weighs heavily in favor of transfer. *See Cooper Bauck*, 2006 U.S. Dist. LEXIS at *23-24 (holding that this factor weighed in favor of transfer because "the research, development, patenting, implementation, testing, marketing and licensing of the accused infringing technology" occurred in California and because California shared Illinois's interests in preventing infringing sales since the accused product was sold in both forums); *MLR*, 2005 U.S. Dist. LEXIS at *10-11 (finding that California had a stronger interest in the patent case than Illinois because both parties were headquartered in California, there was no indication that a disproportionately large number of the accused products were sold in Illinois, and plaintiff had no connection to Illinois beyond the lawsuit.).

## IV. CONCLUSION

A transfer of venue to the San Jose Division of the United States District Court for the Northern District of California is warranted under 28 U.S.C. § l404(a). DBC's choice of the Southern District of Illinois as a forum for this litigation is entitled to little deference because DBC does not reside there and because the operative facts of this case have almost no connection to Illinois. All of the other private interest factors weigh in favor of a transfer. Each of the public interest factors also weighs in favor of a transfer. None of the factors weigh against a transfer. Accordingly, Apple respectfully requests that the Court grants Apple's motion to transfer these proceedings to the Northern District of California, San Jose Division.

Dated: February 6, 2008

By: /s/ James F. Valentine
Henry C. Bunsow (admitted *pro hac vice*)
California State Bar No. 60707
James F. Valentine (admitted *pro hac vice*)
California State Bar No. 149269
Jason T. Anderson (admitted *pro hac vice*)
California State Bar No. 212938
Ryan J. Moran (admitted *pro hac vice*)
California State Bar No. 244447
Christina M. Finn (admitted *pro hac vice*)

California State Bar No. 247838
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA 94303
Telephone: 650.798.3500
Facsimile: 650.798.3600
E-mail: BunsowH@howrey.com
E-mail: ValentineJ@howrey.com
E-mail: AndersonJ@howrey.com
E-mail: MoranR@howrey.com
E-mail: FinnC@howrey.com

Joseph P. Conran
joe.conran@husch.com
Dutro E. Campbell
bruce.campbell@husch.com
HUSCH & EPPENBERGER, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: 314.480.1500
Facsimile: 314.480.1505

Attorneys for Defendant and
Counterclaimant APPLE INC.