UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DIGITAL BACKGROUND CORPORATION,  *Plaintiff*,  vs.  APPLE, INC.,  *Defendant*. | Case No: 3:07-cv-00803-JPG-CJP  JURY TRIAL DEMANDED |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

### INTRODUCTION

Plaintiff Digital Background Corporation ("DBC") hereby submits this Opposition to Defendant Apple, Inc.'s ("Apple") Motion to Transfer Venue. Apple seeks transfer of this patent infringement case to the Northern District of California, San Jose Division. As movant, Apple bears the burden of proving that the Northern District of California is a substantially more convenient forum than where the case is properly situated in the Southern District of Illinois.

Apple must show that the Northern District of California is clearly more convenient. Apple is unable to meet this burden in that: 1) DBC's representatives, located in Southern California, will have to travel regardless of the venue; 2) key non-party witnesses, the inventor of the patent-in-suit and the patent attorney who prosecuted the patent, are located in Texas and travel to California would severely inconvenience them; and 3) numerous relevant documents such as prosecution histories, conception and development materials as well as damages information are located in Texas and must be sent regardless of venue. Thus, not only is the

Northern District of California no more convenient than the Southern District of Illinois, but California is not a substantially more convenient forum than Illinois.

Apple must also show that the interests of justice weigh strongly in favor of the Northern District of California as the more convenient forum. It fails to do so. The time period for resolution of cases in both districts is comparable (although the Track B schedule proposed by this Court is faster than patent actions in the Northern District of California), and thus does not strongly weigh in favor of the Northern District of California. Further, acts of infringement in the way of sales took place in both California and Illinois and therefore do not favor California over Illinois. Lastly, as acts of infringement took place in Illinois, Illinois has an interest in litigating the case in its own forum. Apple is unable to meet its burden of proof and its motion should be denied.

Further, this case is properly filed according to the venue statute that specifically applies to patent infringement cases, 28 U.S.C. § 1400(b). While this may be only one of many jurisdictions in which the case could properly be filed and there is nothing unique about the Southern District of Illinois to this case, the Southern District of Illinois is certainly not, nor has it been proven to be substantially inconvenient. It is DBC's choice of forum, and the availability of multiple appropriate forums in such cases is due to: 1) Congress' decision in enacting the patent venue law, and to 2) Apple's nationwide marketing of the product at issue. In the context of 28 U.S.C. § 1404(a), movant must show its proffered forum is not only uniquely, but also substantially more convenient which Apple is unable to do because of the existence of potential witnesses and evidence in numerous jurisdictions outside California.

## BACKGROUND

Defendant Apple filed a Motion to Transfer Venue to the Northern District of California, San Jose Division, pursuant to 28 U.S.C. § 1404(a). While 1404(a) provides for the transfer of an action from one federal district to another based on the convenience of the parties and witnesses and in the interests of justice, Apple's arguments only highlight *Apple's* location, *Apple's* employee-witnesses, *Apple's* burden of travel costs and expenses, and *Apple's* documents in California. Apple's brief seems to suggest that the only place this action could be brought is in its own backyard. However, the Court should note that Apple, Inc. is a multi-billion dollar company[1] which offers for sale and sells products and software in every judicial district in the United States, including the Southern District of Illinois.[2]

In fact, because of its size, Apple was able to successfully maintain venue outside of California in another patent infringement action, even though both parties held their principal places of business in California, witnesses were mostly, if not all, located outside the forum venue of Delaware, and no documents on the design, manufacture, use or sale of the accused products were located in or near Delaware. *See Apple Computer, Inc. v. Unova, Inc.*, No. Civ.A. 03-101-JJF, 2003 WL 22928034, *3 (D.Del. Nov. 25, 2003) (attached as **Exhibit B**). In *Apple Computer, Inc. v. Unova, Inc.*, Apple asserted arguments such as: no location would be ideal for the convenience of witnesses who are dispersed throughout the United States; parties are large corporations with substantial resources who will not be substantially burdened by travel to Delaware; Delaware's expertise and experience in patent law point to keeping the case there; and Apple, as plaintiff, is entitled to deference on its choice of an appropriate forum. *Id.* These

---

[1] Apple generated over $24 billion in revenue and $3.5 billion in net income in the fiscal year 2007. *See* **Exhibit A**, article entitled "Apple Reports Fourth Quarter Results" found at http://www.apple.com/pr/library/2007/10/22results.html
[2] Apple concedes, in another context, that the accused software is offered for sale and sold in Illinois as it is in every other judicial district. *See* Docket No. 25 at 3.

3

arguments are especially telling considering the contradictory arguments Apple makes in the instant case.[3]

Further, as Apple employs thousands of employees nationwide[4], brings in billions of dollars in profits annually[5], and markets its products nationwide, Apple should feel little to no burden/impact of litigating a case properly situated in the Southern District of Illinois. *See, DeFrancesco v. First Horizon Home Loan Corp.*, Slip Copy, No. 06-0058-DRH, 2006 WL 3196838, *1 (S.D.Ill., Nov. 3, 2006)(Court kept case in Illinois based, in part, on fact that defendant was national in scope and would have had little difficulty litigating there or anywhere).

While the Northern District of California may be more convenient for Apple, Apple has not demonstrated that the private and public interest factors make the Northern District of California substantially more convenient than the Southern District of Illinois, thus its Motion to Transfer should be denied, as explained more fully below.

## ARGUMENT

Patent infringement actions are unique in that they have their own venue statute. Pursuant to 28 U.S.C. § 1400(b), venue in civil actions for patent infringement may be brought "where the defendant has committed acts of infringement and has a regular and established place of business." Case law holds that for a corporate defendant in a patent infringement case, the test for venue becomes "whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed.Cir. 1990)(citing 28 U.S.C. §§ 1391(c) and 1400(b)). Part of the

---

[3] DBC recognizes that not all facts between the instant case and *Apple Computer, Inc. v. Unova, Inc.* are similar.
[4] *See* **Exhibit C**, excerpts from Apple, Inc.'s Form 10-K filed with the Securities and Exchange Commission as of September 29, 2007.
[5] *See* fn. 1, *supra*.

reasoning behind this is that patent infringement is a tort which occurs wherever infringing products are offered for sale or sold. In other words, because infringers are in essence committing a tort in every jurisdiction where products are offered for sale or sold,[6] so long as personal jurisdiction is proper, venue is proper as well. As Apple is subject to personal jurisdiction here, the Southern District of Illinois is a proper venue under 28 U.S.C. § 1400(b) for this action.[7]

DBC acknowledges that based on the same statute, other districts may also be proper venues, including the Northern District of California. Yet, while 28 U.S.C. § 1404(a) permits courts to transfer cases to a more convenient forum, courts must first consider the following factors in making such a determination: 1) the convenience of the parties, 2) the convenience of the witnesses, and 3) the interests of justice. *See Electroplated Metal Solutions, Inc. v. American Services, Inc.*, 500 F.Supp.2d 974, 978 (N.D.Ill. 2007). Further, "it is incumbent upon the party seeking transfer to make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, a plaintiff's choice of forum should not be disturbed." *Hall v. The Holmes Group, Inc.*, No. 4:05CV2052 HEA, 2006 WL 148742, *2 (E.D.Mo. Jan. 18, 2006).

In balancing the interests in this case, Apple did not demonstrate that the Northern District of California is strongly a more convenient forum than plaintiff's choice of forum in the Southern District of Illinois.

### A.     Apple Fails to Show That the Convenience of the Parties Factor Weighs Strongly in its Favor

---

[6] Under 35 U.S.C. § 271, both sales and offers for sale (among other things) are infringing acts.
[7] Apple admits in its Answer that personal jurisdiction is proper in the Southern District of Illinois (Docket No. 24 at 1); thus Apple also admits that venue is proper in the Southern District of Illinois.

5

Apple argues that because both parties reside in California (though still hundreds of miles apart) that the Northern District of California would be more convenient. Yet, "a plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in the defendant's favor." *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167 (N.D.Ill. 1995). DBC is located in Southern California and its representatives must still travel by plane to Northern California or Southern Illinois, regardless. As one party or the other must travel in this case, Apple has not provided clear evidence that the Northern District of California is an overwhelmingly convenient forum for the parties. The end result is that it is plaintiff's choice of forum, not defendant's, and for DBC, the Southern District of Illinois is the favorable choice.

As "easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy…for cases to be litigated…in…major metropolitan areas," Apple fails to prove why the Northern District of California is any more convenient. *See Defrancesco*, 2006 WL 3196838 at *2 citing *Board of Trustees, Sheet Metal Workers Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000)(Court found that convenience of parties factor weighed in favor of Southern District of Illinois in that defendant was national in scope). The Southern District of Illinois is located near the large metropolitan area of St. Louis, Missouri making airplane flights, lodging, and other necessities presumably just as accessible as the Northern District of California and Apple has not offered information otherwise.

In addition, Apple argues that sales are the only connection to the Southern District of Illinois suggesting that DBC's choice of forum should receive little deference. Yet, sales in the forum venue actually allow courts to award more deference to the plaintiff's choice of forum. *See Cummins-Allison Corp. v. Glory Ltd.,* No. Civ.A. 2-03-CV-358TJ, 2004 WL 1635534, *5

(E.D.Tex. May 26, 2004)(In finding that "the admitted sale of allegedly infringing products in…[the district] is an event that is significant and relevant to the citizens of th[e] district," the Court denied transfer to another venue) citing *Nokia Corp. v. Buca, Inc.*, No. 3-01-CV-2613-R, 2002 WL 1461913, *2 (N.D.Tex. July 2, 2002) ("Denying defendant's motion to transfer venue where the allegedly infringing products were sold and offered for sale in the forum's state even though the products were distributed and sold from the defendant's headquarters in another state…"). As evidenced below, a significant amount of sales takes place in the Southern District of Illinois lending support for deference to plaintiff's choice of forum.

Furthermore, the venue statute, 28 U.S.C. § 1400(b), places much significance on these sales as they equate to acts of infringement and establish a strong connection to the Southern District of Illinois. Additionally, Apple has pervasive contacts with the Southern District of Illinois through its highly interactive iTunes website and Apple's customer website. Numerous residents from the Southern District of Illinois purchase Apple products from the website and/or enter into license agreements (each license agreement is a separate contract with a citizen from the Southern District of Illinois) with Apple to use iTunes. While DBC acknowledges that the venue statute may allow other districts to have proper venue as well, it is Apple's duty as the movant on this issue to strongly prove that the Northern District of California is a more convenient forum than the Southern District of Illinois. Apple has not done so.

**B.     Apple Does Not Prove That the Location of Key Witnesses and Documents in Various Jurisdictions Outside of California Weigh Strongly in Favor of Transfer**

**1.     Key witnesses located outside California**

Apple contends that because the bulk of its witnesses and documents are located in California that the Northern District of California is a more convenient venue. However, Apple

does not consider that DBC's non-party witnesses are located outside California, thus deflating its contention that California is the most convenient forum.[8]

Significantly, two key non-party witnesses for DBC are located in Texas, which is closer to Illinois than California. Apple fails to recognize in its motion that Michael Steffano, the inventor of the '306 patent at issue, resides in Austin, Texas. Mr. Steffano will undoubtedly be called as a key non-party witness for DBC testifying on such significant issues as the conception of the subject matter and reduction to practice of the invention in the '306 patent; the prosecution of the '306 patent; infringement by Apple; validity, enforceability, and non-obviousness of the '306 patent; and damages. Also, William Hulsey, the patent attorney who prosecuted the '306 with the United States Patent and Trademark Office, will likely testify on similar issues as a non-party witness. Hulsey is also located in Austin, Texas. Thus, while arguably some of Apple's key employee witnesses are located in California, there are key non-party witnesses located outside of California.

Apple also insists that it would be "burdened because it would have to pay for these witnesses' airfare, hotel, and meals" and that "productivity at Apple would suffer." *See* Docket No. 25 at 11. However, Apple's position is a bit exaggerated. Certainly, it is likely that Apple will incur some additional expenses for travel to Illinois if its motion to transfer is denied. Yet, as the relevant witnesses and sources of proof appear to be scattered throughout several jurisdictions, it is inevitable that someone must incur travel costs regardless of where the case is litigated. Case law makes clear that, "transfer is inappropriate if it merely transforms an

---

[8] The sheer number of Apple's witnesses in California is also not a determinative factor for courts when considering whether a particular venue is more convenient to the witnesses. *See Vandeveld*, 877 F.Supp. at 1168 ( "A court should not limit its investigation to a review of which party can produce the longer witness list"). Rather, courts have found that it is more appropriate and beneficial to "look to the nature and quality of the witnesses' testimony with respect to the issues in the case." *Id.* This is especially true here where Apple as a billion dollar company is in the best position (i.e., not inconvenienced) to provide for travel for its employee witnesses.

8

inconvenience for one party into an inconvenience for another party." *Vandeveld*, 877 F.Supp. at 1167.

Lastly, Apple has admitted that it is not strongly inconvenienced by litigating outside of the Northern District of California. *See Apple Computer v. Unova*, 2003 WL 22928034 at *3. In that case, Apple asserted contrary arguments to the case at hand by arguing that there was insufficient reason to move the case from Delaware as the Defendants were large corporations with substantial resources who would not be substantially burdened by travel to Delaware. *Id.*

Considering the location of witnesses in various jurisdictions and that Apple cannot show that the costs of travel incurred by the parties and non-parties as a group would be significantly reduced by transferring the case, Apple does not meet its burden of proof that California is a more convenient venue.

    **2.**  **Sources of proof are available via electronic means**

Apple maintains that simply because many of its documents concerning the design, operation and marketing of the accused product are found in California, that this factor weighs in favor of transfer to the Northern District of California. First and foremost, with today's advanced technology, sources of proof are easily accessible via computers, e-mail, and the Internet, and thus, the actual physical location of materials becomes a non-issue. *See Stock v. Integrated Health Plan, Inc.*, No. 06-CV-00215-DRH, 2006 WL 3420289, *3 (S.D.Ill. Nov. 28, 2006)(Court agreed that the "presence of documents in Florida is not a persuasive factor in these modern days of photocopying, faxing and other electronic means of retrieval" and therefore did not find that this factor weighed in favor of transfer); *see also Sitrick v. Freehand Systems, Inc.*, No. 02 C 1568, 2003 WL 1581741, *3 (N.D.Ill. March 27, 2003) quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980)("Progress in communications and

transportation has made defense of a lawsuit in a foreign tribunal less burdensome"). As Apple is a computer company familiar with much technology and software, it is very likely that a majority of Apple's relevant materials are stored in electronic format already and may be easily sent via electronic means thereby imposing little burden on Apple. Thus, the fact that materials are readily accessible and easily transferable weighs against the Northern District of California.

The DBC non-party witnesses named above also will have significant materials for discovery such as prosecution histories, U.S. Patent and Trademark information, damages materials, licensing agreements and correspondence, and development and marketing information. These materials are presumably located in Texas and must be sent via electronic means or otherwise when deemed discoverable, such that again, the Northern District of California is no more convenient than the Southern District of Illinois.

Due to the technological versatility of Apple, the presence of some materials in California – with many other documents found outside of California – does not weigh in favor of transfer and Apple has not proved otherwise.

### C.    The Interests of Justice Do Not Weigh in Favor of Apple's Preferred Venue

As the "interest of justice" is a separate component of a § 1404(a) analysis, it "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986). "Public interest factors that may warrant transfer include: 1) the court's familiarity with applicable law; 2) desirability of resolving controversies in their locale; 3) the relation of the community to the occurrence at issue; 4) the congestion of the respective court dockets and prospects for an earlier trial." *Symons Corp. v. Southern Forming and Supply, Inc.*, 954 F.Supp. 184, 187 (N.D.Ill. 1997).

In this case, the interests of justice argued by Apple do not weigh in favor of transferring this case from the Southern District of Illinois.

### 1. The Southern District of Illinois has a strong desire to resolve controversies with such a significant presence in its economy and marketplace

Apple asserts that based on Apple's activities and location in the Northern District of California, that this case should be litigated there. Yet, Apple's products, including the accused product, are offered for sale and sold in the Southern District of Illinois as well, via authorized resellers and the Internet. In fact, Apple has at least 14 authorized resellers of all Apple products in the Southern District of Illinois.[9] With the prevalence of Apple products in the Southern District of Illinois, the likelihood that numerous Illinois citizens purchase and use those products increases greatly. The citizens of the Southern District of Illinois therefore have a heightened interest in cases involving Apple's products and accused acts of infringement.

Significantly, case law finds that local interest in adjudicating a dispute exists when at least some of the alleged actions of infringement occurred in the district. *See Candela Corp. v. Palomar Medical Technologies, Inc.*, Slip Copy, No. 9:06-CV-277, 2007 WL 738616, *5 (E.D.Tex. Feb. 22, 2007)(Court found this factor weighs in favor of not transferring venue of the case). Here, Apple has significant sales of infringing product in this jurisdiction. Thus, Illinois has an interest in the outcome of the case. While the Northern District of California may also have an interest in adjudicating the case in its locale due to sales in that district, the burden is on Apple to prove that its requested transferee venue is substantially more convenient than the current venue. Apple is unable to do so.

### 2. Timing for resolution of civil cases in both districts is similar, and therefore does not weigh in favor of transfer

---

[9] *See* **Exhibit D**, list of authorized resellers within zip code 62201 found on the Apple website.

11

Apple cites to statistics demonstrating that the median time intervals for disposition of all types of civil cases in the Northern District of California and Southern District of Illinois "will likely be resolved just as quickly and efficiently in the Northern District of California." *See* Docket No. 25 at 13.  Yet, there must be a clear showing of factors that weigh in favor of the transfer, and not simply that make each venue equivalent.  *See Vandeveld,* 877 F.Supp. at 1167. Comparable resolution times make the two districts even for interests of justice, and thus there is no strong convenience factor weighing in favor of the Northern District of California as Apple is required to prove for transfer.

### 3. Material events occur in California and Illinois

In this case, Apple contends that the situs of the material events generally is where the alleged infringing activities occurred and because Apple's principal place of business is in the Northern District of California, this factor favors transfer.  However, as evidenced above, infringing activities took place in Illinois, and according to the venue statute, 28 U.S.C. § 1400(b), this makes the Southern District of Illinois a proper venue.  The fact that there may be increased sales in the Northern District of California (although figures are unavailable at this point) as compared to the Southern District of Illinois, does not counteract the language of the venue statute nor does it prove that the Northern District of California is a more convenient forum.

Additionally, when sales of accused products occur within the present venue, those sales amount to acts of infringement in the venue and weigh against transfer of venue.  *See Mangosoft Intellectual Property, Inc. v. Skype Technologies SA, et al.,* Slip Copy, No. 2:06-CV-390 (TJW), 2007 WL 2008899, *2 (E.D.Tex. July 5, 2007)(Alleged products infringing patent not disputed to be sold in district weighed against transfer); *see also Aerielle, Inc. v. Monster Cable Products,*

*Inc.*, Slip Copy, No. 2:06-CV-382 (TJW), 2007 WL 951639, *2 (E.D.Tex. March 26, 2007)(Although both parties located in California and outside the current venue, the fact that defendant's alleged infringing products sold through retailers in current district weighed against transfer).

Thus, as infringing activities, in the way of sales, took place in Illinois, Apple's argument concerning the situs of infringing activities in California does nothing to support that California is a more convenient forum. Apple has not met its burden concerning this factor.

## CONCLUSION

For the foregoing reasons, DBC respectfully requests that Apple's Motion to Transfer Venue to the Northern District of California, San Jose Division be denied in its entirety.

>Respectfully submitted,
>DIGITAL BACKGROUND CORPORATION
>
>By its attorneys,
>SIMMONSCOOPER LLC

Dated: February 25, 2008           By: s/Paul A. Lesko
                                   Paul A. Lesko
                                   Stephen C. Smith
                                   Katharine A. Wark
                                   707 Berkshire Blvd.
                                   P.O. Box 521
                                   East Alton, Illinois 62024
                                   (618) 259-2222
                                   (618) 259-2251 – *facsimile*
                                   plesko@simmonscooper.com

## CERTIFICATE OF SERVICE

I hereby certify that on this February 25, 2008, the foregoing was filed electronically with the Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| **James F. Valentine** | **Greg G. Gutzler** |
| valentinej@howrey.com | greg.gutzler@husch.com |
| **Jason Anderson** | **Dutro E. Campbell, II** |
| andersonJ@howrey.com | bruce.campbell@husch.com |
| **Ryan Moran** | **Joseph P. Conran** |
| moranr@howrey.com | joe.conran@husch.com |
| **Christina M. Finn** | |
| finnc@howrey.com | |

and I hereby certify that on this February 25, 2008, I caused to be mailed by United States Postal Service, postage pre-paid, the document to the following non-registered participant:

Henry C. Bunsow, Esq.
Howrey LLP
525 Market St., Suite 3600
San Francisco, CA 94105

                                             s/ Paul A. Lesko