**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

| | | |
|---|---|---|
| DIGITAL BACKGROUND CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-CV-00803-JPG-CJP |
| | ) | |
| APPLE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................1

II.  DBC FAILS TO REFUTE THAT THE PRIVATE INTEREST FACTORS
     WARRANT A TRANSFER ..................................................................................1

     A.   DBC Fails To Refute That Its Chosen Forum Is Entitled To Little
          Deference ...............................................................................................1

     B.   DBC Fails To Refute That The Northern District Of California Is A More
          Convenient Forum For The Parties And Likely Witnesses .....................................2

     C.   DBC Fails To Refute That The Northern District Of California Is The
          Situs Of Material Events ........................................................................4

III. DBC FAILS TO REFUTE THAT THE PUBLIC INTEREST FACTORS
     WARRANT A TRANSFER ..................................................................................5

IV.  CONCLUSION...................................................................................................5

DM_US:21066211_1

I.       INTRODUCTION

Although DBC[1] argues in its Opposition that Apple has not justified a transfer of this action to the Northern District of California, DBC fails to support its position with relevant facts or applicable case law.  Instead, DBC attempts misdirection by discussing:  sales of products (specifically, Apple's iTunes) that are not involved in this case; unsubstantiated suppositions about the existence of "witnesses and evidence … outside California;" unrelated and distinguishable Apple cases from other jurisdictions; and non-analogous case law from the Fifth Circuit.  DBC cites inapposite case law from the Eastern District of Texas rather than addressing *Forcillo v. LeMond Fitness Inc.*, 220 F.R.D. 550 (S.D. Ill. 2004), the most recent, relevant, and analogous case from the Southern District of Illinois on venue transfers in patent cases.  DBC also fails to give full and fair consideration to the facts in this case.  When those facts are fairly analyzed under applicable Seventh Circuit law, it becomes clear that a transfer to the Northern District of California would not only promote the public's interest in the fair and efficient administration of justice, but would also best serve the convenience of the parties and witnesses.

II.      DBC FAILS TO REFUTE THAT THE PRIVATE INTEREST FACTORS
         WARRANT A TRANSFER

In its opening brief, Apple demonstrated how each of the five private interest factors considered by courts in the Seventh Circuit weighs in favor of transfer.  As shown below, DBC's counter-arguments do not refute those points.

A.       DBC Fails To Refute That Its Chosen Forum Is Entitled To Little
         Deference

DBC does not dispute that it is not a resident of this District.  Nor does DBC dispute that the only connection between this District and this case is that some accused products were sold here.  In the Seventh Circuit, this means that DBC's choice of forum is entitled to less deference. *Plotkin v. IP Axess, Inc.*, 168 F. Supp.2d 899, 902 (N.D. Ill. 2001).  Rather than address the law of the Seventh Circuit, DBC cites decisions from the Eastern District of Texas to argue that

---

[1]    Unless otherwise indicated, all abbreviations defined in Apple's opening brief ("Op. Br.") shall have the same meanings in this reply.

1

plaintiff's chosen forum is entitled to more deference.  The authority that DBC cites is simply inapposite and contrary to decisions within the Seventh Circuit that sales of an accused product alone within a district do not establish a connection to the District sufficient to warrant a denial of a transfer.  *Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.*, 55 F. Supp.2d 871, 874 (N.D. Ill. 1999).

### B. DBC Fails To Refute That The Northern District Of California Is A More Convenient Forum For The Parties And Likely Witnesses

DBC's comparison of the relative convenience of the forums to the parties is inaccurate and misleading.  First, DBC inaccurately asserts that "one party *or* the other must travel in this case."  (Opp. at 6.)  But as Apple has explained, either *both parties* must travel from California to Illinois or *one party* must travel from Southern California to Northern California.[2] Transferring the case to the Northern District of California will not simply shift the travel burden from Apple to DBC, it will eliminate Apple's burden and greatly reduce DBC's burden.

Second, DBC's comparison of the relative convenience to likely witnesses is similarly flawed.  DBC fails to identify a single witness in Illinois.  Instead, DBC identifies Texas resident and the named inventor of the asserted patent, Michael D. Steffano, as a "key non-party witness for DBC."  (Opp. at 8.)[3]  Because it appears that DBC may have already arranged for Mr. Steffano to testify, the forum's ability to subpoena Mr. Steffano may not be an issue. Nevertheless, the Court in the Southern District of Illinois has no more subpoena power over Mr. Steffano than a court in the Northern District of California.  In addition, DBC represents that William Hulsey, another Texas resident, will likely testify about the prosecution of the patent.  It appears, however, that Mr. Hulsey became the prosecuting attorney only *after* the patent issued,

---

[2]  "Apple would not have to travel, and DBC, being a Southern California company, would need approximately 1-2 hours by plane to reach the forum."  (Op. Br. at 7-8.)

[3]  DBC's description of Mr. Steffano as a "non-party witness for DBC," rather than as a third-party witness, along with DBC's representation that he will "undoubtedly testify," cast doubt upon Mr. Steffano's status as a true, disinterested, non-party witness.  According to DBC's Rule 26 disclosures, Mr. Steffano is affiliated with the patent assignee Digital Property Management Group, LLC, which DBC also discusses in its Complaint.  (Finn Decl. ¶ 2, Ex. 1; Complaint at ¶ 11.)  Accordingly, Mr. Steffano's interest in this case and his relationship to DBC remain unknown and will be a topic of discovery.

2

and will be unable to testify about the substantive prosecution of the asserted patent.[4]  Moreover, although DBC correctly notes that Texas "is closer to Illinois than California" (*id*.), that fact does not make this forum more convenient.  Messrs. Steffano and Hulsey live in Austin, Texas, which is hardly "closer" to Benton, Illinois, than it is to San Jose, California, when the practicalities of travel are considered.  The total travel time from Austin, Texas, to either San Jose, California or Benton, Illinois is not substantially different when the time to drive from Lambert-St. Louis International Airport to Benton is included in the calculation.  (Finn Decl. ¶¶ 3-6, Exs. 2-5.)  With the choice of three daily non-stop flights from Austin to San Jose, the inconvenience to these witnesses in traveling to Northern California would not be materially different than the inconvenience in traveling to the Southern District of Illinois.  (Finn Decl. ¶ 5, Ex. 4.)  On the other hand, the inconvenience that third-party witness Bruce Renouard would incur should the case remain in the Southern District of Illinois increases significantly because he resides in the Northern District of California (a fact that DBC ignores entirely in its Opposition).  When the significance and number of Apple witnesses and their and Mr. Renouard's relative burdens in traveling to the two alternative forums are considered along with the relatively equal burdens that the two forums would impose upon Messrs. Steffano and Hulsey, Northern California is a far more convenient forum for the witnesses.

Third, DBC incorrectly asserts that Apple's size mandates that Apple should have to travel.  In *Forcillo*, a case that DBC fails to address, a transfer from the Southern District of Illinois was granted even though defendant Brunswick Corporation was a large, national corporation with sales of over $5 billion in 2004.  *Forcillo*, 220 F.R.D. at 550.  (Finn Decl. ¶ 10, Ex. 9.)  Accordingly, Apple's size does not negate the far greater convenience of litigating in the

---

4   According to the petition to revive in the prosecution history, Applicant transferred responsibility for the patent file to Mr. Hulsey sometime after January 18, 2007.  Because the patent issued in 1998, it appears that Mr. Hulsey did not have any involvement in the substantive prosecution of the asserted patent.  (Finn Decl. ¶ 9, Ex. 8.)

3

Northern District of California.[5]  Nor does *Defrancesco v. First Horizon Home Loan Corp.*, Slip Copy, No. 06-0058-DRH, 2006 WL 3196838, *1 (S.D. Ill. Nov. 3, 2006), cited by DBC, hold otherwise because the facts of that case are not analogous to the facts here.  In *Defrancesco*, an individual was suing a corporation in the individual's home forum, which tipped the balance in favor of allowing the case to remain where the individual resided.  Unlike the individual plaintiff in *Defrancesco*, however, DBC is a corporation headquartered in Southern California engaged in the business of licensing intellectual property.  The Southern District of Illinois is not DBC's home forum, DBC is not an individual, and DBC's witnesses are not located in Illinois.  The Northern District of California is factually and legally the more convenient forum.

### C.   DBC Fails To Refute That The Northern District Of California Is The Situs Of Material Events

DBC fails to refute that the Northern District of California is the situs of the material events that gave rise to this action.  In its Opposition, DBC did not directly address this factor. Instead, DBC argued that sales of the accused product in the Southern District of Illinois justify a denial of transfer.  DBC further confused the issue when it discussed Apple contacts with this district through an "iTunes website" and licenses to use iTunes.  (*See*, *e.g.*, Opp. at 7.)  But DBC's discussion of iTunes is irrelevant to the transfer issue because iTunes is not the product accused of infringement in this case.  (*See*, *e.g.*, Complaint ¶ 15 (accusing "the iChat 'backdrop' feature of the Leopard operating system").)[6]  DBC also wrongly asserts that "a significant amount of sales takes place in the Southern District of Illinois."  Not only is this statement unsubstantiated, it was refuted in Apple's initial motion.  (Op. Br. at 11, n.8.)  The fact remains that the design, development, and testing of the allegedly infringing feature of the accused

---

[5]   In its Opposition, DBC points to *Apple Computer, Inc. v. Unova, Inc.*, No. Civ. A. 03-101-JJF, 2003 WL 22928034, *3 (D. Del. Nov. 25, 2003) to imply that this case should be retained.  However, in that case (which was decided under Third Circuit law), three of the four defendants were incorporated in Delaware (*id.* at *3) and the court found insufficient justification for a transfer (*id.* at *5).

[6]   Although DBC's statements regarding iTunes are also factually inaccurate, Apple will not undertake here to correct the inaccuracies because iTunes has nothing to do with this case.

4

product occurred in the Northern District of California.  Therefore, this factor weighs in favor of transfer.

## III.   DBC FAILS TO REFUTE THAT THE PUBLIC INTEREST FACTORS WARRANT A TRANSFER

DBC fails to refute that the Northern District of California has a stronger relation to the occurrence at issue and has a stronger interest in resolving this controversy.  *See*, *e.g.*, *Amoco Oil Co. v. Mobil Corp.*, 90 F. Supp.2d 958, 961-62 (N.D. Ill. 2000).  In its Opposition, DBC offers nothing beyond unsupported assertions to contradict the sworn statements by Apple that the allegedly infringing feature of the accused product was designed, developed, tested, and marketed in the Northern District of California.  Instead, DBC tries to confuse the issue by listing all resellers in the Southern District of Illinois that sell *any* Apple product.  This evidence is irrelevant.  This factor concentrates on the "occurrence at issue," and the only "occurrence" in this case that occurred in the Southern District of Illinois is the sale of the accused product. DBC does not dispute that the *accused product* is only offered by two resellers in this District as compared to the 32 resellers in the San Jose area alone.  DBC failed to cite any cases from within the Seventh Circuit that refute that the Northern District of California has a much stronger relation to this case and a stronger desire to resolve this controversy.[7]  Accordingly, DBC has not refuted that these two public interest factors weigh strongly in favor of transfer while none weigh against transfer.

## IV.   CONCLUSION

For the foregoing reasons, Apple respectively requests that its motion to transfer venue to the Northern District of California, San Jose Division, be granted.

---

[7]   DBC cites cases from district courts within the Fifth Circuit for the proposition that sales of the accused product in the Southern District of Illinois, by itself, are sufficient to weigh against the public interest in transfer. This is counter to decisions from district courts within the Seventh Circuit.  *See*, *e.g.*, *Cooper Bauck Corp. v. Dolby Labs., Inc.*, 2006 U.S. Dist. LEXIS 44885, *23-24 (N.D. Ill. June 19, 2006); *MLR, LLC v. Kyocera Wireless Corp.*, 2005 U.S. Dist. LEXIS 43895, *10-11 (N.D. Ill. April 6, 2005).  Moreover, even Fifth Circuit case law on this issue is in a state of flux.  (*See*, *e.g.*, *In re Volkswagen of Am. Inc.*, 506 F.3d 376, 387 (5th Cir. 2007), *reh'g en banc*, 2008 U.S. App. LEXIS 3322 (5th Cir. 2008) (Fifth Circuit holding in products liability case that the fact the product was sold in a district was insufficient to defeat a transfer to the district where the accident occurred.).)

Dated:  March 4, 2008                By:      /s/ James F. Valentine

Henry C. Bunsow (admitted *pro hac vice*)
California State Bar No. 60707
James F. Valentine (admitted *pro hac vice*)
California State Bar No. 149269
Jason T. Anderson (admitted *pro hac vice*)
California State Bar No. 212938
Ryan J. Moran (admitted *pro hac vice*)
California State Bar No. 244447
Christina M. Finn (admitted *pro hac vice*)
California State Bar No. 247838
HOWREY LLP
1950 University Avenue, 4th Floor
East Palo Alto, CA  94303
Telephone:  650.798.3500
Facsimile:   650.798.3600
E-mail:  BunsowH@howrey.com
E-mail:  ValentineJ@howrey.com
E-mail:  AndersonJ@howrey.com
E-mail:  MoranR@howrey.com
E-mail:  FinnC@howrey.com

Joseph P. Conran
joe.conran@husch.com
Dutro E. Campbell
bruce.campbell@husch.com
HUSCH & EPPENBERGER, LLC
190 Carondelet Plaza, Suite 600
St. Louis, MO  63105
Telephone:  314.480.1500
Facsimile:  314.480.1505

Attorneys for Defendant and
Counterclaimant APPLE INC.

6

DM_US:21066211_1